# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

JEFFREY COHEN, #408-0002
Plaintiff                                          *

    v                                          *       Civil Action No. ELH-15-986

BRENDON A. HURSON, Federal Public           *
  Defender
DEBORAH L. BOARDMAN, Federal Public         *
  Defender
JAMES WYDA, Federal Public Defender         *

Defendants                                    *

## MEMORANDUM

Jeffrey Cohen, presently detained at the Chesapeake Detention Facility and awaiting trial in this court on charges of fraud,[1] has filed suit against the two assistant federal public defenders who represented him at his detention hearing, as well as the Federal Public Defender.  He claims that they violated his constitutional right to effective assistance of counsel.  ECF 1 at 1-4.[2] Cohen also asserts:  "Defendants [sic] negligent actions amount to legal malpractice and a violation of Cohen's Sixth Amendment right to counsel."  *Id.* at 1.

This case is subject to initial review pursuant to 28 U.S.C. § § 1915, 1915A, and applicable case precedent.  Mindful that plaintiff is a self-represented litigant, the court has construed his complaint liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Even under this less stringent standard, however, the

---

[1] *See United States v. Cohen,* Criminal No. WDQ-14-0310 (D. Md.).

[2] Cohen has not paid the $400 civil filing fee nor filed a motion for leave to proceed in forma pauperis.  He requests indigency status.  ECF No. 1 at 4.   In light of this Order, indigency status will be granted and he shall not be required to correct this deficiency.

complaint is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B)(iii).

At the outset, I have construed the suit as a civil rights action under 42 U.S.C. § 1983. Two elements are essential to sustain an action under 42 U.S.C. § 1983. Specifically, Cohen must demonstrate that: (1) he suffered a deprivation of rights, privileges or immunities secured by the Constitution and laws of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

An attorney, whether retained, court-appointed, or a public defender, ordinarily does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Deas v. Potts,* 547 F.2d 800, 800 (4th Cir.1976) (en banc) (private attorney); *Hall v. Quillen,* 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir.1980) (court-appointed attorney); and *Polk County v. Dodson,* 454 U.S. 312, 317-324 & nn. 8-16 (1981) (public defender). *See also Vermont v. Brillon,* 556 U.S. 81, 91 (2009) ("Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor."). Therefore, Cohen's claim that attorneys in the Office of the Federal Public Defender did not adequately represent him at a pretrial detention hearing is not cognizable under 42 U.S.C. § 1983.

To the extent that plaintiff seeks to pursue a criminal legal malpractice action in this Court, the case fares no better. In the absence of diversity of citizenship, which is lacking here, this Court does not have jurisdiction as to a civil malpractice claim against these defendants.

In *Home Buyers Warranty Corporation v. Hanna*, 750 F.3d 427, 432 (4th Cir. 2014), the Fourth Circuit said: "Fundamental to our federal system is the principle that '[f]ederal courts are courts of limited jurisdiction.'" (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S.

375, 377 (1994)); *see United States, ex rel. Voyyuru v. Jadhov*, 555 F.3d 337, 347 (4th Cir. 2009).

Thus, a federal district court may only adjudicate a case if it possesses the "power authorized by

Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552

(2005) (internal quotation marks omitted). As the Fourth Circuit stated in *Strawn v. AT & T*

*Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008), if a party seeks to proceed in federal court, it

"must allege and, when challenged, must demonstrate the federal court's jurisdiction over the

matter." Indeed, "if Congress has not empowered the federal judiciary to hear a matter, then the

case must be dismissed." *Hanna,* 750 F.3d at 432; *see also Miller v. Brown*, 462 F.3d 312, 316

(4th Cir. 2006).

Notably, a federal court has "an independent obligation to determine whether subject-

matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend,* 559 U.S. 77,

94 (2010). Moreover, "[a] court is to presume … that a case lies outside its limited jurisdiction

unless and until jurisdiction has been shown to be proper." *United States v. Poole,* 531 F.3d 263,

274 (4th Cir. 2008) (citing *Kokkonen,* 511 U.S. at 377). This is because "jurisdiction goes to the

very power of the court to act." *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196

(4th Cir. 2008). Therefore, "[s]ubject matter jurisdiction cannot be forfeited or waived, and can

be raised by a party, or by the court *sua sponte*, at any time prior to final judgment." *In re*

*Kirkland*, 600 F.3d 310, 314 (4th Cir. 2010); *see McCulloch v. Vélez,* 364 F.3d 1, 5 (1st  Cir.

2004) ("It is black-letter law that a federal court has an obligation to inquire *sua sponte* into its

own subject matter jurisdiction.") ; *see also Snead v. Board of Educ. of Prince George's County*,

815 F. Supp. 2d 889, 893-94 (D.  Md. 2011). And, pursuant to Fed. R. Civ. P. 12(h)(3), "the

court must dismiss the action" if it determines that the court lacks subject matter jurisdiction.

*See also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506-07 (2006).

Congress has conferred jurisdiction on the federal courts in several ways.  To provide a federal forum for plaintiffs who seek to vindicate federal rights, Congress has conferred on the district courts original jurisdiction over civil actions that arise under the Constitution, laws, or treaties of the United States.  *Exxon Mobil Corp.*, 545 U.S. at 552; 28 U.S.C. § 1331.  *See also* U.S. Constitution Art. III, § 2 ("The Judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made. . . .")  Moreover, 28 U.S.C. § 1367(a) grants district courts "supplemental jurisdiction over all other claims that are so related to claims in the action within [the courts'] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

In addition, "Congress . . . has granted district courts original jurisdiction in civil actions between citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens," so long as the amount in controversy exceeds $75,000.  *Exxon Mobil Corp.*, 545 U.S. at 552; *see* 28 U.S.C. § 1332.  This so-called diversity jurisdiction "requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant."  *Cent. W. Virginia Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011); *see Strawbridge v. Curtiss*, 7 U.S. 267 (1806).

It is readily apparent that there is no diversity jurisdiction here.  It follows that plaintiff cannot pursue a civil malpractice claim against these defendants in this Court.

In any event, Cohen's civil malpractice claim is premature.

The seminal case of *Strickland v. Washington*, 466 U.S. 668 (1984), sets forth a two-pronged test pertinent to a Sixth Amendment claim of ineffective assistance of counsel.  First, the petitioner must show that his attorney's performance was "below an objective standard of

reasonableness, measured by prevailing professional norms." *Strickland*, 466 U.S. at 688. This is known as the "performance prong" of the test. Second, the petitioner must show that his attorney's deficient performance "prejudiced [his] defense." *Id.* at 687. To satisfy the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome" of the proceedings. *Id.*[3] *See also Missouri v. Frye*, ____ U.S. ____, 132 S.Ct. 1399 (2012); *Laffler v. Cooper*, ____ U.S. ____, 132 S. Ct. 1376 (2012); *Padilla v. Kentucky*, 559 U.S. 356 (2010).

A Pennsylvania case, *Bailey v. Tucker*, 533 Pa. 237, 621 A.2d 108 (1993), provides guidance as to a claim of legal malpractice arising from a criminal case. *Bailey* involved three consolidated appeals. The appellants in the consolidated cases asserted causes under various guises, all of which amounted to actions in criminal legal malpractice. 533 Pa. at 245, 621 A.2d at 112. The Supreme Court of Pennsylvania carefully considered the policy implications of civil suits against criminal defense attorneys, rejected the notion of absolute immunity on a claim of professional negligence, but distinguished civil legal malpractice claims from those arising from criminal cases. *Id.* at 246-247, 621 A.2d at 112-113.

The Pennsylvania court held, *id.* at 250-51, 621 A.2d at 115, that a plaintiff seeking to bring a civil malpractice claim against a criminal defense attorney, resulting from his or her representation in criminal proceedings, must establish the following five elements:

(1)     The employment of the attorney;

(2)     Reckless or wanton disregard of the defendant's interest on the part of the attorney;

---

[3] A court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.* at 697.

(3)     the attorney's culpable conduct was the proximate cause of an injury suffered by the defendant/plaintiff, i.e., "but for" the attorney's conduct, the defendant/plaintiff would have obtained an acquittal [sic] for a complete dismissal of the charges.[]

(4)     As a result of the injury, the criminal defendant/plaintiff suffered damages.

(5)     *Moreover, a plaintiff will not prevail in an action in criminal malpractice unless and until he has pursued post-trial remedies and obtained relief which was dependent upon attorney error;[]* additionally, although such finding may be introduced into evidence in a subsequent action it shall not be dispositive of the establishment of culpable conduct in the malpractice action.[]  (Emphasis added.)

The *Bailey* Court made abundantly clear that, in order to prevail in a claim of criminal legal malpractice, the plaintiff in the civil case, *i.e.*, the criminal defendant, must successfully obtain post-trial remedies.

Maryland has followed the guidance of *Bailey*.  In *Berringer v. Steele*, 133 Md. App. 442, 758 A.2d 574 (2000), the Maryland Court of Special Appeals cited *Bailey*, as well as cases from other jurisdictions, noting that, for reasons of public policy, courts have expanded the requirements of a criminal malpractice action beyond those of civil malpractice, to require successful post-conviction relief as a predicate to maintenance of a criminal malpractice action. *Id*. at 474, 758 A.2d at 591-92.  The Maryland appellate court said, *id*. at 484, 758 A.2d at 597:

> Public policy considerations prompt us to align ourselves with those jurisdictions that have imposed appellate, post-conviction, or habeas relief, dependent upon attorney error, as a predicate to *recovery* in a criminal malpractice action, when the claim is based on an alleged deficiency for which appellate, post-conviction, or habeas relief would be available.  A criminal conviction evidences that a fact-finder concluded, beyond a reasonable doubt, that the defendant committed the crime charged.  Ordinarily, when the alleged negligence of defense counsel contributed to a conviction, the proper redress for the ineffective assistance of counsel is pursuit of one of the aforementioned forms of post-trial relief a criminal defendant may prevail in having the judgment of conviction vacated in a post-conviction, appellate, or habeas proceeding, for any number of reasons.  If a potential criminal plaintiff is unsuccessful in obtaining relief from conviction, then it would seem that the attorneys' conduct was not the proximate cause of the conviction or injury.

Cohen has not yet been tried.   Nor has there been an post-trial determination of ineffective assistance of defense counsel.

## Conclusion

The complaint shall be dismissed under 28 U.S.C. § 1915A (b)(1) and (2).   Cohen is advised that under 28 U.S.C. §1915(g) he will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."   The instant case will be the first filed by Cohen that has been dismissed as frivolous.

Date:  April 15, 2014                              _____/s/_____
                                                   Ellen L. Hollander
                                                   United States District Judge